TUCKER ELLIS LLP
Su-Lyn Combs - SBN 209834
su-lyn.combs@tuckerellis.com
Joshua J. Wes - SBN 238541
joshua.wes@tuckerellis.com
Aggie B. Lee - SBN 228332
aggie.lee@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendants
JOHNSON & JOHNSON, and
ETHICON, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRIEDA SHAHBAZ, and CYRUS SHAHBAZ,<br><br>            Plaintiffs,<br><br>    v.<br><br>JOHNSON & JOHNSON, et al.<br><br>            Defendants. | Case No. 2:13-cv-07382-AB-SS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM**<br><br>*[Filed concurrently with Notice of Motion; Declaration of Su-Lyn Combs; and [Proposed] Order]*<br><br>Date:    July 17, 2020<br>Time:    10:00 a.m.<br>Ctrm:    7B |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 16, 26, and 37(c), Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon") move this Court to strike the untimely May 29, 2020 "Supplemental" Report of Ja-Hong Kim, MD, Doc. No. 36-1, filed in support of Plaintiffs' Response in Opposition, Doc. No. 36, to Defendants' Supplemental

Motion for Summary Judgment and Memorandum in Support, Doc. Nos. 28 & 28-1. Plaintiffs' new report is an untimely and otherwise improper attempt to replace the deficient prior report from Dr. Kim of July 12, 2018, and is in violation of Federal Rules of Civil Procedure and the express orders of this Court and the MDL Court.

### A. PROCEDURAL BACKGROUND: THE ORDERS OF THE MDL COURT AND THIS COURT PRECLUDE THIS UNTIMELY SECOND REPORT

#### 1. The MDL Court's Scheduling Orders

Pursuant to Judge Goodwin's Pretrial Orders in the MDL, Plaintiffs' expert disclosure was due on July 13, 2018, any "[e]xpert disclosure served for rebuttal pursuant to Fed. R. Civ. P. 26" was due on August 20, 2018, and expert discovery closed on October 4, 2018. Combs Decl. ¶ 3, Exh. 2, PTO # 303, Amended Docket Control Order – Ethicon, Inc. Wave 8 Cases, Section A., p. 3.

Judge Goodwin strictly prohibited parties from entering into "stipulations purporting to extend the discovery deadlines," including with respect to "medical examinations." Combs Decl. ¶ 2, Exh. 1, PTO # 270, Order re: Stipulations Extending Discovery, p. 2. He found that "such stipulations undermine the policy goals of the MDL, including convenience of the parties, efficiency of the pretrial proceedings, and consistency on related issues." *Id.* Accordingly, "modifications of the discovery schedule" could be effectuated only upon motion to the court for "*good cause shown*" pursuant to Fed. R. Civ. P. 16(b)(4). *Id.* (emphasis in original).

On July 13, 2018, Plaintiffs provided expert disclosures, which included the Case-Specific Report of Dr. Ja-Hong Kim. Doc. No. 28-11 (signed July 12, 2018). While this action remained with the MDL Court, Plaintiffs did not disclose that Dr. Kim had performed an Independent Medical Exam ("IME") on Ms. Shahbaz on July 26, 2018 and had also seen Ms. Shahbaz on August 14, 2018 and they did not seek leave to supplement Dr. Kim's prior report.[1]

---

[1] On May 4, 2018, before the deadline for Dr. Kim's report, Defendants specifically requested that Plaintiffs advise them of whether they intend to submit Mrs. Shahbaz to an

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

### 2. This Court's Scheduling Order

Under this Court's Scheduling Order, Doc. No. 26, any supplemental expert disclosure for Dr. Kim was expressly due February 3, 2020. Plaintiffs did not provide a supplemental report as permitted by that Order. Indeed, on February 4, 2020, when Ethicon's counsel specifically asked Plaintiffs' counsel to confirm that no supplemental report was being provided for Dr. Kim, Plaintiffs' counsel stated, "Dr. Kim had nothing to add to her report." Combs Decl. ¶ 4, Exh. 3, Email from Bruce Brusavich, attorney for Plaintiffs, to Su-Lyn Combs, attorney for Ethicon. Months later, Plaintiffs submitted a new report on May 29, 2020, as part of their Response in Opposition, Doc. No. 36.

## B. DR. KIM'S NEW REPORT IS AN IMPROPER ATTEMPT TO REWRITE A WHOLLY DEFICIENT PREVIOUS REPORT

### 1. Dr. Kim's July 12, 2018 Report

As Ethicon previously argued in its Memorandum in Support of its Supplemental Motion for Summary Judgment, Doc. No. 28-1, Dr. Kim's previously submitted report does not include an opinion that a defect in the Prolene Soft Mesh caused Ms. Shahbaz's injuries. Instead, Dr. Kim simply provided a list of what she believes are potential characteristics of Ethicon's mesh, without detailing how these characteristics demonstrate a design defect or attributing any specific characteristic as a cause of Ms. Shahbaz's claimed injuries. Instead of identifying a specific design defect and explaining how that purported defect led to Ms. Shahbaz's injury, Dr. Kim merely stated, "[d]ue to these shortcomings of Ethicon Prolene Soft mesh product, it is my opinion to a reasonable degree of medical certainty that the implantation of the Ethicon Prolene Soft mesh device caused Mrs. Shahbaz's permanent injuries . . ." Dr. Kim 2018 Report, Doc. No. 28-11, p. 6. Notably, Dr. Kim's report states that her list of mesh characteristics is a compilation of concerns she has seen in *other* patients from whom she removed mesh, but she does

---

IME as Defendants anticipated requesting an IME by a defense expert if one is conducted by Plaintiffs' case specific expert. Plaintiffs' counsel never responded. Combs Decl. ¶ 5, Exh. 4, Email from Aggie Lee, attorney for Ethicon, to Bruce Brusavich, attorney for Plaintiffs.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

not opine that any of these concerns developed with Ms. Shahbaz and caused Plaintiffs' injuries. *Id.* As of the time she submitted her 2018 Report, Dr. Kim had not examined Ms. Shahbaz.

### 2. Dr. Kim's May 29, 2020 Report

Plaintiffs' new report for Dr. Kim discloses for the first time,[2] that Dr. Kim had performed an IME on Ms. Shahbaz, but *after* the doctor's July 12, 2018, report had been disclosed. This exam occurred when Dr. Kim first saw Ms. Shahbaz on July 26, 2018.

Even if Plaintiffs attempt to characterize the new report as supported by new information obtained from Dr. Kim's examination of Ms. Shahbaz (which itself was never previously disclosed), comparison of the new report to Dr. Kim's earlier report reveals that it is not simply a "supplement" based on previously unavailable information, but a substantive, complete rewrite, containing new opinions transparently contrived to rebut Ethicon's summary judgment arguments targeting the inadequacy of the earlier report. Indeed, to understand the additions to the new report, the Court need look no further than Plaintiffs' Opposition, Doc. No. 36, to Defendants' Motion, Doc. No. 28, in which Plaintiffs brazenly explain their efforts to confront Defendants' challenges to the insufficiency of Dr. Kim's prior opinions: "Defendant's final argument hinges on the *assumption* that Plaintiff's case-specific expert, Dr. Ja-Hong Kim, does not opine a specific defect in the Prolene Soft Mesh caused Mrs. Shahbaz's injuries. In her Supplemental Expert Declaration, Dr. Kim concludes the faulty and negligent design of the Prolene Soft Mesh caused Plaintiff's life-long injuries." Plaintiffs make no attempt to argue that Dr. Kim's prior report was sufficient.

Reading the two reports side-by-side amply demonstrates the changes in the May 29, 2020 Report do not focus on the analysis of new information but instead provide new opinions. However, such a comparison is unnecessary as Plaintiffs themselves

---

[2] Ethicon received medical records related to the Independent Medical Exam ("IME") shortly before this new Report was filed on May 29, 2020.

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

acknowledge the new report is intended to provide new opinions to counter the arguments that Dr. Kim's prior report was not sufficient to support their design defect claim. Plaintiffs have admitted exactly what they seek to accomplish by its introduction, without even attempting to provide any justification as to its submission at this late date.

In addition to being a completely new report and not just a supplement of prior opinions, this report is <u>untimely</u> under this Court's Order. The IME occurred years before this Court set the deadline on remand for disclosure of any supplements to prior expert reports, and Plaintiffs' counsel never indicated that any supplement would be served. To the contrary, Plaintiffs' counsel explicitly stated Plaintiffs' would <u>not</u> supplement Dr. Kim's report.

## II. ARGUMENT

**1. Plaintiffs' <u>untimely</u> supplemental Expert Report should be stricken because it is prejudicial to Ethicon to permit Plaintiffs to provide additional, previously undisclosed opinions, tailored to respond to Ethicon's legal arguments at the summary judgment stage.**

The Court's Post-Remand Scheduling Order, Doc. No. 26, provides a series of deadlines that dictate a logical order in this litigation: expert disclosures and the provision of expert reports precede legal arguments at the Rule 56 dispositive motion stage. This Court should not permit Plaintiffs to subvert this process by allowing Plaintiffs to respond to Ethicon's Supplemental Summary Judgment Motion with new and previously undisclosed opinions from their only case-specific expert. Plaintiffs had 18 months to supplement this report. Plaintiffs rejected that opportunity and informed Defendants that "Dr. Kim had nothing to add to her report." Plaintiffs decided not to provide a timely supplemental report even though they were fully aware that Dr. Kim herself had examined Ms. Shahbaz after she had issued her previous report.

Plaintiffs' failure to timely supplement is exactly the conduct that Fed. R. of Civ. P. 37(c) was designed to remedy:

> **(1) Failure to Disclose or Supplement.** If a party fails to provide

5
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

*Id.* at (c)(1). As this Court has previously observed in *Hamilton v. Wal-Mart Stores, Inc.*:

Rule 37(c)(1) gives teeth to the requirements imposed by Rule 26 by forbidding the use at trial, hearing, or on a motion of any information that is not properly disclosed. This is "a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material.'"

No. 5:17-cv-01415-AB (KKx), 2019 WL 1949457, at *2 (C.D. Cal. Mar. 4, 2019) (citing *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

It is Plaintiffs' burden to show that their failure was harmless. *Id.* (citing *Yeti*, 541 F.3d at 1107). Plaintiffs cannot show that their failure under Rule 26(a), is either substantially justified or harmless. Plaintiffs were plainly aware of the supplemental expert disclosure deadline, knew that Dr. Kim had examined Ms. Shahbaz after submitting the first report, and yet on February 4, 2020, informed Defendants that Dr. Kim had no supplemental opinions. The trigger for filing the late report was not new information but the tactical decision to provide new opinions after reading Ethicon's motion.

This conduct was clearly improper. In *Yeti, supra*, the Ninth Circuit made clear that Rule 37(c)(1) sanctions for Rule 26 violations do not require that the court find that there was "willfulness, fault, or bad faith," even when the sanction is the ultimate sanction of dismissal for discovery violation. *Yeti*, 541 F.3d at 1106. Additionally, with respect to sanctions under Rule 37(c)(1), though review of the district court's discovery sanction was for "abuse of discretion," "we give particularly wide latitude to the district court's discretion to issue sanctions" under this Rule. The timeline in this case speaks volumes as to Plaintiffs' real justification for seeking to supplement: Plaintiffs had no

6
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

desire to supplement until they became familiar with Ethicon's argument that Dr. Kim's original opinions were not legally sufficient.

Ethicon freely admits that in arguing for summary judgement it *assumed* the prior report contained all of the opinions and findings of Plaintiffs' only case-specific expert. Indeed, this is precisely what Fed. R. Civ. P. 26(a)(2)(B)(i) requires: "The report [of a retained expert witness] *must* contain: (i) a *complete statement* of *all* opinions the witness will express and the basis and reasons for them." (*emphasis added*).

In *Hamilton*, this Court described the "multiple functions" of Rule 26(a)(2)'s requirements, which include "helping the opposing party to determine its own expert needs," preventing the experts from "'lying in wait' with new, last minute opinions," and allowing for the need to prepare for cross-examination. 2019 WL 1949457, at *5 (quoting *In re Google Adwords Litig.*, No. C08-03369, 2010 WL 5185738, at *2 (N.D. Cal. Dec. 8, 2010); *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221-SI, 2016 WL 4529430, at *9 (N.D. Cal. Aug. 30, 2016)).

Indeed, this case is exceedingly similar in procedural posture to a case in which the Ninth Circuit affirmed the district court's exclusion of untimely expert reports: "The district court did not abuse its discretion in excluding as untimely the expert declarations submitted by Plaintiffs *in response to* the [defendants'] summary judgment motion. Plaintiffs disclosed these declarations more than three months after the district court's deadline for initial expert disclosures, and more than two months after the deadline for rebuttal disclosures. Accordingly, these declarations were not timely under Rule 26(a)(2)(C)." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 498-99 (9th Cir. 2009).

This fact pattern was repeated in *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973 (N.D. Cal. 2014). Like here, *Mariscal* was a products liability action in which the defendants moved for summary judgment on several claims, including a design defect claim. *Id.* at 980. Again, as in this case, when the plaintiff submitted an opposition brief in response

7

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

to the defendant's summary judgment argument, he filed a second expert opinion concurrently with his opposition, which was untimely under Rule 26(a)(2)(B)(i). *Id.* at 980-81. As with Dr. Kim's May 29, 2020 report, the *Mariscal* plaintiff's report included new and previously undisclosed additional opinions. *Id.* at 981. The Court found that the defendant had been "entitled to rely on [the prior] expert disclosure as constituting a complete statement of all opinions" the expert would present at trial. *Id.* at 982. Thus, the court's remedy was to exclude the supplemental report. *Id.* at 984. Here, Ethicon asks the Court to compare the facts of these two cases and reach the same result.

In the fact of such an extraordinary attempt to move the target after Ethicon has fired its shot, the only remedy that will suffice is for the Court to strike this untimely report. Ethicon was entitled (and plaintiffs were required) to rely on the report previously submitted by Dr. Kim. Plaintiffs do not get a do-over after opposing counsel has detailed for them the legal insufficiencies in their report. "[T]here's an order things can't happen in. You can't open a door till there's a house." Tom Stoppard, *Arcadia*, act 2, sc. 7 (The words of the fictional scientist, Valentine Coverly, apply equally well to the Federal Rules of Civil Procedure and scheduling orders as they did, in their original context, to the advance of knowledge.) Here, Fed. R. Civ. P. 26(a)(2)(D) provides that the order things can happen in is, "at the times *and* in the sequence that the court orders." Plaintiffs should not be allowed to inject new expert opinions and theories of causation into the case after this Court provided Plaintiffs with a deadline to supplement their expert reports, which Plaintiffs declined to observe.

**2. Dr. Kim's Supplemental Expert Report is not proper supplementation under Rule 26(e).**

Federal Rule of Civil Procedure 26(e) provides that a party who has made disclosures under Rule 26(a) "must supplement or correct its disclosure or response." But, as this Court has previously observed, "Rule 26(e) "does not 'create a loophole through which a party who submits partial expert witness disclosures, or who wishes to

8

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

revise her disclosures **in light of her opponent's challenges to the analysis and conclusions therein**, can add to them to her advantage after the court's deadline for doing so has passed.'" *Hamilton, supra*, No. 2019 WL 1949456, at *8 (*emphasis added*) (*citing Luke v. Family Care & Urgent Med. Clinic*, 323 F. App'x at 499-500). *See also Amersham Pharmacia Biotech, Inc. v. Perkins-Elmer Corp.*, 190 F.R.D. 644, 647 n.4 (N.D. Cal. 2000) (Rule 26(e) "requires a party to supplement or correct a discovery disclosure or response to include information *thereafter acquired* if the party learns that in some material respect the information disclosed in incomplete or incorrect."). Thereafter "acquired" does not mean thereafter "conceived" in order to respond to opposing party's arguments.

Even if Plaintiffs had included the information about Dr. Kim's IME in a supplemental disclosure pursuant to Rule 26(e), Plaintiffs should have done so in compliance with this Court's scheduling order. Rule 26(e)(1)(A) requires supplementation in a "timely manner." Certainly, doing so nearly two years after an occurrence and months after the deadline provided by the Court's scheduling order, which was also entered after the occurrence, can hardly be considered "timely," under any interpretation of this Rule's terms. *See, e.g., Wilson v. Frito-Lay North America, Inc.*, 260 F. Supp. 3d 1202, 1212 (N.D. Cal. 2017) (failure to timely supplement interrogatories under Rule 26(e) resulted in Rule 37 sanctions). The changes in Dr. Kim's new report were not made as a permissible supplement, but as a boldfaced attempt to avoid summary judgment with a wholly new and untimely disclosure. Dr. Kim's prior opinions were insufficient to meet Plaintiffs' burden to prove that a defect in the design of Prolene Soft mesh caused Ms. Shahbaz's alleged injuries. The law is clear -- Plaintiffs cannot attempt to avoid summary judgment by violating (1) the Rules of Civil Procedure; (2) the orders of the MDL Court; and (3) the orders of this Court.

9
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

### III.  CONCLUSION

For these reasons, Defendants respectfully request that this Court enter an Order striking Plaintiffs' untimely and improper supplemental May 29, 2020 Expert Report of Dr. Kim.

DATED:  June 18, 2020                            Tucker Ellis LLP

                                        By:     */s/ Su-Lyn Combs*
                                                Su-Lyn Combs
                                                Joshua J. Wes
                                                Aggie B. Lee

                                                Attorneys for Defendants
                                                JOHNSON & JOHNSON, and
                                                ETHICON, INC.

10

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM

1513935.1

# CERTIFICATE OF SERVICE

*Frieda Shahbaz, et al. v. Johnson & Johnson, et al.*

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **June 18, 2020**, I served the following: **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MAY 29, 2020 "SUPPLEMENTAL" REPORT OF PLAINTIFFS' EXPERT DR. JA-HONG KIM** on the interested parties in this action by:

(X)  **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

( )  **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)  I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **June 18, 2020**, at Los Angeles, California

*/s/     Stella S. Villegas*
Stella S. Villegas

CERTIFICATE OF SERVICE

1513935.1